# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DEBORAH SODERQUIST, JR., )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>ANDREW M. SAUL, )<br>Commissioner of the Social Security )<br>Administration, )<br>    Defendant. ) | CAUSE NO.: 2:19-CV-63-JEM |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Deborah Soderquist, Jr., and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17], filed July 29, 2019. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On September 6, 2019, the Commissioner filed a response, and on September 20, 2019, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.    Background**

On September 25, 2015, Plaintiff filed an application for benefits alleging disability beginning September 18, 2015. Plaintiff's application was denied initially and upon reconsideration. On October 20, 2017, Administrative Law Judge ("ALJ") Robert Long held a video hearing at which Plaintiff, with counsel, and a vocational expert ("VE") testified. On March 16, 2018, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

1

2. The claimant has not engaged in substantial gainful activity since September 18, 2015, the alleged onset date.

3. The claimant has the following severe impairments: myotonic distrophy, diabetic neuropathy with neurological conditions, minimal disc space narrowing and facet arthropathy at L4-L5 and L5-S1, morbid obesity status-post gastric bypass, complete tear right rotator cuff status-post surgery times two, mild left atrial enlargement, mild mitral valve regurgitation, mild to moderate tricuspid valve regurgitation and mildly elevated estimated right ventricular systolic pressure.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to lift and carry up to 10 pounds occasionally, lesser weights more frequently, stand and/or walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday with normal breaks. The claimant must never climb ladders, ropes, or scaffolds, and is limited to only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, or crawling. She is further limited to only occasional reaching overhead with the right upper extremity and frequently but not constantly reaching in all other directions with the right upper extremity. The claimant must never reach overhead with the left upper extremity and is limited to only occasional reaching in all other directions with this left extremity. She is further limited to frequent but not constant handling bilaterally, and is limited to only occasional exposure to hazards such as unprotected heights or moving machinery.

6. The claimant is capable of performing past relevant work as a customer service/retail employee. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 18, 2015, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v.*

3

*Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ relied on outdated medical opinions, failed to build a logical bridge from the evidence to his conclusions in the RFC, and failed to properly evaluate Plaintiff's subjective symptoms. The Commissioner argues that the decision is supported by substantial evidence.

The ALJ found that Plaintiff was not disabled, but imposed numerous restrictions on Plaintiff's exertion, posture, and the use of her upper extremities in the RFC. The restrictions were similar to those suggested by State agency doctors J.V. Corcoran, on December 31, 2015, and Richard Wenzler, on February 3, 2016. The doctors advised functional limitations based on

4

Plaintiff's myotonic dystrophy, shoulder injuries and kidney cancer. *See* AR 69-70, 92 (listing Plaintiff's "medically determinable impairments" as "Dysfunction - Major Joints" and malignant neoplasm of the kidney, and myotonia congenital dystrophy as an "alleged" impairment). The ALJ afforded those doctors' opinions "significant weight," and imposed these restrictions in the RFC, except that the ALJ restricted her to lifting and carrying no more than 10 pounds, rather than the 20 pounds suggested by the doctors.

However, the doctors' opinions were outdated. In September 2016, after the doctors submitted their opinions, Plaintiff received epidural injections for back and leg pain, and in November 2016 an MRI revealed minimal disc space narrowing and facet arthropathy at L4-L5 and L5-S1. AR 819, 851. In January 2017, an EKG revealed mild left atrial enlargement, mild mitral valve regurgitation, mild to moderate tricuspid valve regurgitation and mildly elevated estimated right ventricular systolic pressure. AR 811. Separately, Plaintiff was diagnosed with diabetic neuropathy with neurologic complication. AR 804. The ALJ explicitly found that all of these conditions were "severe impairments," which "significantly limit the ability to perform basic work activities." AR 13-14.

As a general matter, the RFC should not be based on outdated medical opinions. "[A]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) (citing *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016)). This is especially so where the new evidence reveals impairments that the ALJ finds to be severe. "A severe impairment is one that affects an individual's ability to perform basic work-related activities." SSR 16-3p, 2017 WL 5180304 (October 25, 2017) at *11. If the ALJ concluded that the back and

heart impairments and diabetic neuropathy diagnosed after February 3, 2016 caused no limitations, his findings were internally contradictory. If he found that the impairments were adequately addressed by changing the doctors' lifting recommendation from 20 pounds to 10, he did so without explanation or the support of a medical opinion, leaving the Court without a logical bridge between the evidence and his conclusions in the RFC. *O'Connor-Spinner*, 627 F.3d at 618. On remand, the ALJ should seek an updated medical opinion. *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014), as amended on denial of reh'g (Oct. 24, 2014) ("ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves."); *Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion").

The ALJ also failed to analyze Plaintiff's subjective complaints in the manner prescribed by SSR 16-3p. When assessing subjective symptoms, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304. The ALJ is not permitted to

> make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." . . . The decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms.

SSR 16-3p, 2017 WL 5180304 at *9. "[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." *Ghiselli v. Colvin*, 837 F.3d 771, 777 (7th Cir. 2016); see also *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot

6

be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.").

The ALJ's analysis of Plaintiff's subjective symptoms was cursory, and omitted several factors that could have supported a finding of disability. Plaintiff testified, and medical and prison records supported, that Plaintiff walked with a cane related to hip pain. Although the Commissioner contends that Plaintiff's cane use was not medically necessary, the ALJ did not address it at all, which was error. *Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013) ("The error in this case, however, is not that the medical evidence required the ALJ to find that Thomas needed a cane to stand and walk, but that the ALJ failed to consider the issue at all."). The ALJ mentioned that Plaintiff was prescribed Neurontin, but failed to discuss the rest of Plaintiff's extensive medication regime, which at various points included Cyclobenzaprine, Lyrica, Hydrocodone, and Oxycodone. *See* SSR 16-3p, 2017 WL 5180304 at *8 ("Persistent attempts to obtain relief of symptoms, such as increasing dosages and changing medications . . . may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent."); *see also Scrogham v. Colvin*, 765 F.3d 685, 701 (7th Cir. 2014) (holding that evidence of a claimant's willingness to "take powerful pain medication—and that physicians were willing to prescribe this course of treatment—reflects that [his] symptoms caused him real problems").

Plaintiff stated that walking, cooking, and household chores were difficult because of pain and cramping in her hands and legs. The ALJ's only statement regarding Plaintiff's household activities was that Plaintiff lived "in a home with a downstairs . . . and retained functional abilities to maintain independent living." The ALJ also made a general finding that "as the records show, the

7

claimant's retained abilities are beyond her alleged disabling restrictions." To the extent directed at Plaintiff's claims about household activities or her complaints of pain, these conclusory statements were insufficient. SSR 16-3p, 2017 WL 5180304 at *9 ("The decision must contain specific reasons for the weight given to the individual's symptoms . . . and be clearly articulated so the individual and any subsequent reviewer can assess how the evaluated the individual's symptoms."); *see also Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009) ("An ALJ cannot disregard a claimant's limitations in performing household activities."). The ALJ also failed to note that the State agency doctors, writing in December 2015 and February 2016, found Plaintiff's symptoms to be "substantiated by the objective medical evidence alone." AR 70, 93. While the ALJ was not required to accept the doctors' conclusion as to those symptoms, he needed to consider it. SSR 16-3p, 2017 WL 5180304 at *7 ("State agency medical and psychological consultants . . . may offer findings about the existence and severity of an individual's symptoms. . . . Adjudicators at the hearing level or at the Appeals Council level must consider the findings from these medical sources even though they are not bound by them.").

Plaintiff requests reversal with remand for an award of benefits. An award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability. *Briscoe*, 425 F.3d at 356. Given the absence of medical opinion indicating how Plaintiff's new impairments affect her ability to work, remand for benefits is not appropriate here. *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993) ("the record is not so clear that we can award or deny benefits on appeal"). On remand, the ALJ is instructed to solicit an updated medical opinion as to Plaintiff's functional limitations, given Plaintiff's new diagnoses. *Moreno*, 882 F.3d at 722. The ALJ must build a logical bridge between the evidence in the record and the ultimate conclusion. *See*

8

*Myles*, 582 F.3d at 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusion."). The ALJ must also analyze Plaintiff's subjective symptoms as defined by SSR 16-3p, including her complaints of pain and the measures taken to relieve that pain. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304.

**IV. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 17th day of January, 2020.

                                                s/ John E. Martin
                                                MAGISTRATE JUDGE JOHN E. MARTIN
                                                UNITED STATES DISTRICT COURT

cc: All counsel of record